[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant Michael Gaines appeals from a conviction of rape in violation of R.C. 2907.02(A)(1)(b).[1] He alleges three assignments of error, none of which is well taken. Due to the legal issues raised in each assignment, we find it necessary to address the assignments out of order.
Gaines challenges the weight of the evidence in his second assignment of error. In particular, he contends that the victim's testimony was not credible. In reviewing a manifest-weight claim, we act as a thirteenth juror to determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2] Although Gaines denied engaging in sexual contact with the victim, we conclude that the finding of guilt on count one of the indictment was not against the manifest weight of the evidence in its totality. Accordingly, we overrule Gaines's second assignment of error.
In the third assignment of error, Gaines alleges that the trial court erred in overruling his Crim.R. 33(A)(6) motion for a new trial because new evidence was discovered. Specifically, Gaines alleges that he presented the testimony of two witnesses that exonerated him from culpability. After reviewing the testimony, we conclude that the trial court did not abuse its discretion when it determined that the affidavits did not disclose a strong probability that the result at trial would have been different.[3] Accordingly, we overrule Gaines's third assignment of error.
Finally, Gaines maintains in the first assignment of error that his counsel was ineffective. In support of this argument, Gaines contends that his counsel's performance was deficient because, as indicated in the motion for new trial filed by counsel, counsel failed to thoroughly investigate the evidence or interview witnesses prior to trial. Gaines also alleges that trial counsel's performance was deficient because he failed to properly support the motion for new trial with affidavits.
To establish an ineffective-assistance claim, Gaines must affirmatively present the facts and reasons his appointed counsel was deficient, and how this deficiency was prejudicial.[4] Though trial counsel apparently did not file certain affidavits supporting the motion for new trial, he did produce live testimony of two additional witnesses at the hearing on the motion for new trial. Having concluded, in response to the third assignment of error, that the testimony of the additional witnesses did not warrant a new trial, we conclude that Gaines could not have been prejudiced to the extent that an ineffective-assistance-of-counsel claim requires, which is to show that but for the error a different outcome would likely have resulted.[5] Accordingly, we will not second-guess the judgment of Gaines's counsel, and we overrule the first assignment of error.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ DOAN, PRESIDING JUDGE
 PAINTER and SUNDERMANN, JJ.
[1] Gaines was found guilty of rape in count one, and not guilty of rape in count two of the indictment.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547.
[3] See State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus.
[4] See Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph two of the syllabus.
[5] See State v. Bradley, supra, at paragraph three of the syllabus.